**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

PAULA MOORE AND J.W. MOORE                      CIVIL ACTION NO. 16-101

VERSUS                                          JUDGE ELIZABETH FOOTE

ATRIUM MEDICAL CORP. AND                        MAGISTRATE JUDGE MARK HORNSBY
MAQUET HOLDING B.V. & CO. KG

---

**MEMORANDUM RULING**

Before the Court is a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the

Plaintiffs' petition for failure to state a claim. [Record Document 5.] The motion was filed

by the Defendants on January 29, 2016. To date, the Plaintiffs have not opposed the

motion, but rather have submitted a "Certificate of No Opposition," notifying the Court that

"the Plaintiffs have no opposition" to the Defendants' motion. See Record Document 17.

For the reasons that follow, the Defendants' motion to dismiss [Record Document 5] shall

be **GRANTED**.

I.      FACTUAL BACKGROUND.

On October 2, 2015, the Plaintiffs filed a petition in the 1st Judicial District Court,

Parish of Caddo, State of Louisiana, alleging that on December 26, 2013, Paula Moore had

an incisional hernia surgery during which her doctor implanted ProLite Mesh. Record

Document 1-1, p. 4. ProLite Mesh is a mesh product manufactured by the Defendants

which is implanted in the body to "reinforce soft tissue where weakness exists . . . ."

Record Document 1-1, p. 3. Mrs. Moore experienced problems after this procedure, which

led to an incisional hernia repair surgery in September of 2014. During the second

surgery, Mrs. Moore's doctor used "a different mesh product."[1] Unfortunately, Mrs. Moore continued to experience pain, swelling, and draining, amongst other things. Id.

Plaintiffs allege that due to the Defendants' product, ProLite Mesh, Mrs. Moore has suffered or will suffer the following damages:  past and future medical and health care expenses; past, present, and future pain and suffering; past, present, and future emotional distress; past, present, and future mental anguish; lost income and support, and loss of earning potential; past, present, and future loss of love, affection, society, nurturing, guidance, and companionship, and loss of household services; permanent disfigurement; permanent disability; and sexual dysfunction. Id. at p. 8.   Plaintiffs' petition asserts the following causes of action:  (1) general tort, pursuant to Louisiana Civil Code article 2315; (2) breach of implied warranty, i.e., redhibition; (3) fraud, pursuant to Louisiana Civil Code article 1953; (4) products liability, pursuant to the Louisiana Products Liability Act ("LPLA"), La. R.S. § 9:2800.51 et seq.; (5) general negligence; and (6) negligent testing.

The Defendants removed the case to this Court based on diversity jurisdiction and shortly thereafter filed the instant motion to dismiss.  The Defendants' motion argues that the Plaintiffs' claims have prescribed, and alternatively, some of those claims exceed the limitations of the LPLA.  As previously mentioned, the Plaintiffs have represented to the Court that they have no opposition to the granting of the Defendants' motion to dismiss.

---

[1] It is unclear from the petition whether the Defendants manufactured the "different" mesh product utilized during the second surgery.  However, this fact is ultimately not germane to the Court's opinion herein.

II.     12(b)(6) STANDARD.

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing the pleader is entitled to relief.  A complaint is not required to contain detailed factual allegations, however, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal marks and citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2008) (internal marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  This plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  The complaint cannot be simply "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Id.

As the Fifth Circuit has explained, in order to survive a 12(b)(6) motion, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Rios v. City of Del Rio, 444 F.3d 417, 420–21 (5th Cir. 2006) (internal marks and citation omitted).  Moreover,

> a statement of facts that merely creates a suspicion that the pleader might
> have a right of action is insufficient. Dismissal is proper if the complaint lacks

an allegation regarding a required element necessary to obtain relief.  The
court is not required to conjure up unpled allegations or construe elaborately
arcane scripts to save a complaint.  Further, conclusory allegations or legal
conclusions masquerading as factual conclusions will not suffice to prevent
a motion to dismiss.

Id. at 421 (internal marks and citations omitted).

III.    LAW AND ANALYSIS.

Under the Erie doctrine, federal courts sitting in diversity apply the substantive law

of the forum state and federal procedural law.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64,

78, 58 S. Ct. 817 (1938).  In the instant case, it is undisputed that Louisiana law applies

to the Plaintiffs' causes of action.

Louisiana law provides that "[d]elictual actions are subject to a liberative prescription

period of one year," which "commences to run from the day injury or damage is

sustained." La. Civ. Code art. 3492.  "Damage is considered to have been sustained, within

the meaning of [article] 3492, only when it has manifested itself with sufficient certainty

to support accrual of a cause of action." Blevins v. Long Trusts, 49,605 (La. App. 2 Cir.

2/26/15), 162 So. 3d 500, 507.  "Ignorance or misunderstanding of the probable extent

or duration of injuries materially differs from ignorance of actionable harm which delays

commencement of prescription.  Proof of a cause of action against a particular defendant

is not required to commence the running of prescription; rather, simply knowledge, actual

or constructive, sufficient to put a reasonable person on guard to call for inquiry is enough

to begin the running of prescription." Alvarez v. Se. Commercial Cleaning, 13-657 (La.

App. 5 Cir. 2/26/14), 136 So. 3d 329, 337 (internal citations omitted).

Generally, the defendant bears the burden of proving that a cause of action has prescribed. See Eldredge v. Martin Marietta Corp., 207 F.3d 737, 743 (5th Cir. 2000).   If the defendant establishes that more than one year has passed between the alleged tort and the filing of the lawsuit, "the burden shifts to the plaintiff to prove an exception to prescription." Id.  However, if the face of the petition itself demonstrates that the plaintiff's claims have prescribed, "the burden shifts to the plaintiff to show why the claim[s] [have] not prescribed." Blevins, 162 So. 3d at 507.

Here, the Plaintiffs' petition states that Paula Moore underwent her first hernia surgery on December 26, 2013.  Record Document 1-1, p. 4.  This is the surgery during which the ProLite Mesh was implanted.  "After the surgical procedure," Mrs. Moore began to experience pain, swelling, and drainage. Id.  Her doctor continued to treat her for these problems.  Id.  On September 26, 2014, Mrs. Moore had a surgical hernia repair, yet subsequently continued to suffer from pain, swelling, and drainage. Id.

Based on these facts alleged in the petition, the Defendants argue that the Plaintiffs should have filed suit within one year of December 26, 2013 (the first surgery), as the Plaintiffs knew that Mrs. Moore was experiencing pain, swelling, and drainage.  Record Document 5-1, p. 9.  Defendants further submit that even if the Plaintiffs did not know of Mrs. Moore's alleged injury immediately after the December surgery, they had constructive notice of her injury given the fact that she had to have an incisional hernia repair on September 16, 2014.  Nonetheless, the Plaintiffs did not file suit within one year after even the second surgery.  Rather, they waited until October 2, 2015 to file their petition.

The Court agrees that the face of the petition establishes that the Plaintiffs' claims have prescribed.  The Plaintiffs have not countered or otherwise substantively responded to these assertions.  They have not argued that Mrs. Moore's injury was unknown or unknowable.  They have not indicated that they did not know or did not have reason to know that the ProLite Mesh product caused Mrs. Moore's injury.  Instead, they have simply consented to the dismissal of their case.  The Court finds that under these circumstances, dismissal is appropriate because the Plaintiffs have failed to carry their burden of establishing why their claims have not prescribed.

In sum, prescription began to run on the Plaintiffs' claims at the time of or soon after Mrs. Moore's December 2013 surgery, or at the very latest, after her surgical repair in September 2014.  Either way, the suit filed on October 2, 2015 was untimely, and the Plaintiffs' claims are time-barred.  The Defendants' motion to dismiss must be granted. Because the Court finds that all of the delictual claims are prescribed, there is no need to analyze the Defendants' alternative argument, which is that some of the Plaintiffs' causes of action exceed the scope of the LPLA.

IV.    CONCLUSION.

Because the Plaintiffs' claims against the Defendants have prescribed, **IT IS ORDERED** that the Defendants' motion to dismiss [Record Document 5] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the instant memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** on this _3rd_ day of May, 2016.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE